UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL D. HALL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. MACOMBER, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-2106-MCE-EFB P<br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) |

Plaintiff, a civil detainee proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis. He has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, his request to proceed in forma pauperis will be granted.

Determining that plaintiff may proceed in forma pauperis, however, does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

**I.　　Screening Standards**

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

1

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.     Screening Order**

Review of plaintiff's complaint (ECF No. 1) pursuant to § 1915(e)(2) reveals that it must be dismissed with leave to amend. Rather than submitting a "short and plain statement" of his claims, plaintiff has submitted a complaint that is so prolix and convoluted that the court cannot reasonably discharge its screening responsibility under § 1915A. Plaintiff must therefore file an amended complaint that complies with the pleading requirements set forth in Rule 8. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases); *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with

/////

redundancy, and largely irrelevant" and providing an example of a properly pleaded claim, which could be "read in seconds and answered in minutes").

In addition, the complaint appears to improperly join unrelated claims and defendants in a single lawsuit. Plaintiff's filing is 319 pages – a 22 page complaint, with nearly 300 pages of exhibits.[1] Plaintiff names approximately 60 individuals as defendants and complains about numerous unrelated incidents that occurred between 2013 and 2015.[2] For example, plaintiff complains about receiving inadequate food in August of 2013 and April of 2015. He also complains about incidents of excessive force and/or sexual assault occurring in August and October of 2013, March of 2014, and August of 2015. His allegations also encompass a July 2015 denial of toilet paper, and other vague and conclusory allegations related to rules violation reports, cell searches, retaliation, harassment, inadequate medical care, and a conspiracy to deny him access to the courts.

The Federal Rules of Civil Procedure do not allow a claimant to raise unrelated claims against different defendants in a single action. Instead, a plaintiff may add multiple parties where the asserted right to relief arises out of the same transaction or occurrence and a common question of law or fact will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims involving different defendants must be brought in separate lawsuits.[3]

---

[1] Plaintiff is hereby informed that the court is not a repository for his evidence and he shall not file documentary evidence in support of his claims unless it is necessary for the resolution of a motion or is offered as evidence at trial.

[2] The exact number of defendants is not clear because plaintiff lists approximately 56 defendants in the caption of his complaint, and then lists approximately 63 defendants in the "Defendants" section of the complaint. Some defendants are named twice, and others are named only once. Plaintiff is cautioned that in any amended complaint, all defendants against whom he intends to assert a claim against must be identified as such in the caption of the complaint. *See* Fed. R. Civ. P. 10(a).

[3] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of

Moreover, the complaint includes allegations that are plainly frivolous because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). For example, plaintiff alleges that prison officials are putting "homo-preferred hormone[s] of some sort" in his food," that he has "gotten shorter" because of the "stuff they put in [his] food," and that at one point, he "began to see needle marks on [his] body." ECF No. 1 at 7, 22.

### III. Leave to Amend

For these reasons, the complaint is dismissed with leave to amend. Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

---

morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

4

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

### IV. Request for Appointment of Counsel

Plaintiff requests that the court appoint counsel. 28 U.S.C. § 1915(e)(1) authorizes the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir.1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. Having considered those factors, the court finds there are no exceptional circumstances in this case.

### V. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in dismissal of this action for failure to prosecute.

3. Plaintiff's "motion to alter or amend judgement" (ECF No. 7) is denied as unnecessary.
4. Plaintiff's motions for the appointment of counsel (ECF Nos. 10 & 11) are denied without prejudice.

Dated: May 1, 2018.

_/s/ Edmund F. Brennan_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE